COMMONWEALTH *vs.* GILBERTO R. RODRIGUEZ.

Middlesex. January 8, 1981. — February 13, 1981.

Present: HALE, C.J., BROWN, & NOLAN, JJ.

*Narcotic Drugs. Pleading, Criminal,* Complaint. *Practice, Criminal,* Instructions to jury, Lesser included offense.

The offense of being present where heroin was illegally kept is not a lesser included offense of possession of heroin. [380-381]

A defendant who was convicted of being present where heroin was illegally kept after trial on a complaint charging him with possession of heroin was entitled to reversal of the conviction even though he failed to object to the judge's erroneous instructions that "being present" was a lesser included offense of "possession." [381-382]

COMPLAINT received and sworn to in the First District Court of Southern Middlesex on November 8, 1977.

The case was tried in the Superior Court before *Lack, J.,* a District Court judge sitting under statutory authority.

*Patricia A. O'Neill* for the defendant.

*Robert L. Rossi,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. Following a jury trial on a complaint charging possession of a controlled substance (heroin) (G. L. c. 94C, § 34), the defendant was convicted of being present where heroin was illegally kept (G. L. c. 94C, § 35). The defendant contends that he was convicted of an offense not charged in the complaint.

The jury could have found that on November 8, 1977, at 2:00 A.M. the police, armed with a search warrant, entered the apartment occupied by the defendant, his girl friend and her five children. In the course of a lengthy search, the police seized, among other things, a paper bag containing: a box of aluminum foil, a spoon inscribed with the name of

a restaurant where the defendant worked, and a mortar and pestle each of which were found to have a residue of heroin.

Immediately prior to closing arguments, the judge informed counsel that he intended to charge the jury "on any lesser included offense." In his charge, the judge told the jury, "you can bring back a verdict of guilty of a lesser included offense of being present at a place where heroin is kept or deposited," and he correctly charged on the elements of that offense.

The defendant did not object to the instructions on the "lesser included offense," although he had excepted to the denial of his nonspecific motion for a directed verdict at the close of the evidence.[1] Posttrial, the defendant moved to renew his motion for a directed verdict and added as a ground the claim that the offense of being present where heroin is kept is not a lesser included offense of possession of heroin, and that therefore his conviction cannot stand. He excepted to the denial of the motion as renewed.

A complaint which, as here, charges only a misdemeanor, not only charges the principal offense but also lesser included offenses, and a defendant may be convicted under such a complaint for a lesser included offense. *Commonwealth* v. *Gosselin*, 365 Mass. 116, 118-120 (1974). It has long been held that lesser included offenses are those necessarily included in the offense as charged. *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871). By definition an offense which requires proof of an element different from, and in addition to, those constituting the claimed greater offense is not a lesser included offense. See *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-307 (1972); *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981). If the offenses are distinct at law, it is of no matter how nearly they may be related in fact.[2] *Kuklis, supra* at 307. In this case the of-

---

[1] The defendant also contests the denial of his motion for a directed verdict on the ground of insufficiency of the evidence. We do not reach that question.

[2] The "same evidence" rule as bearing on double jeopardy protections is inapplicable. See *Commonwealth* v. *Cerveny*, 373 Mass. 345, 354-356

fense charged and the offense for which the defendant was convicted are similar in that they both involve connections with heroin. However, the connections differ sufficiently to distinguish the crimes. The offense of "possession," but not that of "being present," requires proof of "dominion or control." Compare *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 613 (1976), with *Commonwealth* v. *Buckley*, 354 Mass. 508, 513 (1968). While "dominion or control" is often inferred from presence, presence is not an element of the offense. *Commonwealth* v. *Mott*, 2 Mass. App. Ct. 47, 53-54 (1974). *Commonwealth* v. *Lee*, 2 Mass. App. Ct. 700, 704 (1974). On the other hand, presence is the gravamen of the offense of "being present." Therefore, we hold that "being present" is not a lesser included offense of "possession" (see *Kuklis*, *supra* at 308; *People* v. *Wilson*, 271 Cal. App. 2d 60, 62 [1969]), and that the defendant was convicted of an offense of which he was not charged. See *Commonwealth* v. *Maguire*, 313 Mass. 669, 672 (1943).

The Commonwealth argues that the defendant waived any objection to this result when he failed to object to the instructions concerning the "lesser included offense." The Commonwealth contends that the defendant, not having objected to the instructions, and having gained the advantage of an acquittal on the charge of possession, possibly as the result of a compromise verdict on the supposed lesser offense, and in other words, "having tested the water," cannot withdraw and contest the conviction on the ground that he was improperly charged with the supposed lesser offense. It relies on *People* v. *Hensel*, 233 Cal. App. 2d 834, cert. denied, 382 U.S. 942 (1965), to support this argument. We do not accept that contention. *Hensel* and its progeny were decided in light of the California procedure for amending indictments and complaints. That procedure is substantially more liberal in its allowance of such amendments than is the corresponding Massachusetts procedure. As a result,

(1977); *Commonwealth* v. *Hogan*, 379 Mass. 190, 194 (1979); *Commonwealth* v. *Jones*, 382 Mass. at 392-397.

the California authority called to our attention is not particularly helpful. Compare G. L. c. 277, § 35A,[3] and Cal. Penal Code § 1009 (Deering). See, also, Note, Convictions of Unincluded Lesser Offenses: Informal Amendments and Plea Bargains, 25 Hastings L. J. 1075 (1974).

We shall assume that the defendant's exceptions to the denials of his motion for a directed verdict, as first made and as renewed, were not sufficient as objections to the judge's instructions, and we shall reverse only if there is a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). *Commonwealth* v. *Franks*, 365 Mass. 74, 76 (1974). We are satisfied that to be convicted of an offense not charged would certainly be a miscarriage of justice. See *Commonwealth* v. *Mahar*, 16 Pick. 120, 120 (1834). Compare *Commonwealth* v. *Snow*, 269 Mass. 598, 609-610 (1930); *Commonwealth* v. *Bracy*, 313 Mass. 121, 126 (1943). Contrast *Commonwealth* v. *McKnight*, 283 Mass. 35, 39 (1933).

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*

---

[3] General Laws c. 277, § 35A, was in effect at the time of trial. It was repealed by St. 1979, c. 344, § 35, but has been replaced by Rule 4(d) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 849 (1979), with changes that are not now relevant.