COMMONWEALTH *vs.* KEVIN R. FARRELL.

No. 90-P-509.

Norfolk. June 7, 1991. - August 20, 1991.

Present: ARMSTRONG, BROWN, & GREENBERG, JJ.

*Assault and Battery. Consent. Practice, Criminal,* Lesser included offense.

Following a trial on a complaint filed in 1987 charging the defendant with
indecent assault and battery on a child under the age of fourteen in
which the judge, with the defendant's consent, instructed the jury that
they could return a verdict of guilty either of the offense charged or,
alternatively, of simple assault and battery, as a lesser included offense,
reversal of the defendant's conviction of simple assault and battery was
required, where that offense (G. L. c. 265, § 13A), requiring proof of
an actually or potentially physically harmful touching or of an uncon-
sented touching, was no longer a lesser included offense within the stat-
utory offense of indecent assault and battery on a child under fourteen
(G. L. c. 265, § 13B), after the effective date of St. 1986, c. 187,
amending the language of § 13B to exclude lack of consent as an ele-
ment of the crime. [268-269]

COMPLAINT received and sworn to in the Quincy Division
of the District Court Department on August 13, 1987.

On appeal to the jury session of the Dedham Division, the
case was tried before *Paul F. Healy, Jr.,* J.

*Murray Kohn* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the
Commonwealth.

ARMSTRONG, J. The defendant was tried in the District
Court on two counts of indecent assault and battery on a
child under the age of fourteen years (G. L. c. 265, § 13B)
and one count of simple assault and battery (G. L. c. 265,
§ 13A). The judge found the defendant guilty on one of the
counts of indecent assault and battery. The other he dis-
missed as duplicative, and he dismissed the count of simple
assault and battery as a lesser included offense.

The defendant appealed his conviction to the District Court jury-of-six session. There the somewhat uncertain evidence, taken most favorably to the Commonwealth, tended to show that the defendant, a bus driver, during a twenty-minute period when he was driving the victim, a five year old handicapped child, from summer school to home, slapped the child across the face several times and touched his penis. The judge, with the defendant's consent, instructed the jury that they could return a verdict of guilty either of indecent assault and battery on a child under fourteen or, alternatively, of simple assault and battery, as a lesser included offense. The jury did the latter, and the defendant appeals his conviction of simple assault and battery.

We held, in *Commonwealth* v. *Eaton*, 2 Mass. App. Ct. 113, 118 (1974), that simple assault and battery was a lesser offense included within the greater, statutory offense defined in § 13B. The element of lack of consent was considered specifically in *Commonwealth* v. *Burke*, 390 Mass. 480 (1983), which held (at 484-488) that such nonconsent *was* one of the elements of indecent assault and battery on a child. It implicitly rejected a contention that such batteries fall, as matter of law, within the class of physically harmful batteries which are unlawful regardless of consent. *Id.* at 481-484. (Batteries of that type are "[a]ny touching[s] 'with such violence that bodily harm is likely to result,' " *id.* at 482, quoting from *Commonwealth* v. *Farrell*, 322 Mass. 606, 620 [1948].)

By St. 1986, c. 187, the Legislature amended § 13B to exclude lack of consent as an element of the crime of indecent assault and battery on a child under fourteen.[1] It follows that a complaint framed, like this one, in the language of § 13B after the effective date of the 1986 amendment does not allege either lack of consent or a physically harmful touching. It further follows that a simple assault and battery (§ 13A), which requires proof of an actually or potentially

---

[1]The amendment added to § 13B the following paragraph: "In a prosecution under this section, a child under the age of fourteen years shall be deemed incapable of consenting to any conduct of the defendant for which said defendant is being prosecuted."

physically harmful touching or of an unconsented touching (*Burke*, 390 Mass. at 483-484), is not a lesser included offense within the statutory offense of indecent assault and battery of a child after the 1986 redefinition.

The defendant's conviction of an offense not alleged in the complaint cannot stand. The point is probably jurisdictional, see *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 14 (1986); if not, it must be treated as a substantial risk of a miscarriage of justice, *Commonwealth* v. *Rodriguez*, 11 Mass. App. Ct. 379, 382 (1981)(a case indistinguishable in principle from the present case). In either event, the defendant's consent to the lesser included offense instruction in the trial court is immaterial.

The jury having declined to find the defendant guilty of indecent assault and battery of a child under fourteen, we must reverse the judgment, set aside the verdict, and direct that judgment enter for the defendant.

*So ordered.*