## COMMONWEALTH *vs.* GERALD WALKER.

No. 95-P-450.

Hampden. October 15, 1996. - January 2, 1997.

Present: DREBEN, GILLERMAN, & JACOBS, JJ.

Further appellate review granted, 424 Mass. 1107 (1997).

*Practice, Criminal,* Instructions to jury, Voir dire, Lesser included offense. *Rape. Indecent Assault and Battery. Evidence,* Present recollection refreshed.

At the trial of indictments alleging forcible rape of two children under the age of sixteen, G. L. c. 265, § 22A, the judge correctly instructed the jury on the lesser included offenses of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B, where it was undisputed that the victims were under the age of fourteen; further, the defendant could not claim prejudice upon his conviction of the lesser offenses, where he had withdrawn his objection to the lesser included instruction. [16-18]

At the trial of indictments for rape of two six year old children, the defendant did not establish a reasonable suspicion and a good faith basis for a voir dire of one of the victims with respect to an alleged prior sexual assault on her by another. [18]

At a criminal trial, there was no error in the judge's ruling that defense counsel could not attempt to refresh the nine year old witness's recollection with the written report of a social worker, where defense counsel had successfully impeached the witness by eliciting inconsistent answers to questions on the subject. [19]

INDICTMENTS found and returned in the Superior Court Department on August 23, 1990.

The cases were tried before *William H. Welch,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. The defendant was charged on six identical

indictments[1] of forcible rape of two unnamed children under the age of sixteen, see G. L. c. 265, § 22A.[2] Both children were approximately age six at the time of the incidents and age nine at the time of the trial. The judge, sua sponte, instructed the jury that they could return a verdict of guilty on indecent assault and battery on a child under the age of fourteen. See G. L. c. 265, § 13B.[3] The jury returned a verdict of guilty of the lesser offense on all five of the indictments before them. See note 3, *supra.* The defendant appeals claiming various errors in the rulings of the judge, and he argues that the judge erred by instructing on § 13B.

1. *The instruction regarding the lesser included offense.*

The defendant argues that the judge erred when he ruled that indecent assault and battery on a child under fourteen (§ 13B) is included within the offense of forcible rape of a child under sixteen (§ 22A), and that the judgment must be reversed because the defendant was convicted of a crime with which he was not charged.[4] See *Commonwealth* v. *Schuchardt,* 408 Mass. 347, 351-352 (1990); *Commonwealth* v. *Farrell,* 31 Mass. App. Ct. 267, 268-269 (1991). The defendant points out that forcible rape may be charged when the child is under the age of sixteen, while indecent assault and battery may be charged only when the child is under fourteen. "It is self-evident," the defendant argues, "that an allegation that a victim is under *sixteen* years of age does not include within itself an allegation that the victim is under *fourteen* years of age."

It is true that a victim under the age of sixteen is not nec-

---

[1] By agreement of counsel and the judge, the indictments were particularized before going to the jury.

[2] A seventh indictment charged indecent assault and battery on an unnamed child under fourteen. See G. L. c. 265, § 13B. The jury returned a verdict of not guilty on this indictment.

[3] This instruction was given on five of the indictments. On the sixth indictment the judge allowed the defendant's motion for a required finding of not guilty on so much of it as alleged "rape or statutory rape," and sent the case to the jury under § 13B. The jury returned a verdict of guilty on this indictment.

[4] At the charge conference preceding the judge's initial charge to the jury, the judge said that he would include an instruction on the lesser included offense of indecent assault and battery because the affirmative testimony of penetration was only "slight." The defendant then withdrew his previous objection to an instruction on the lesser included offense.

essarily under the age of fourteen. Nevertheless, the defendant may not prevail. The question that must be answered is whether all the elements of the *lesser* offense are included within the *greater* offense. In the circumstance of a victim under the age of fourteen, we conclude that § 13B is a lesser included offense of § 22A.

The underlying issue in this controversy is whether it can be said that the defendant, having been convicted of a crime with which he was not charged, received adequate notice of the risk of a conviction of the lesser crime. See *Commonwealth* v. *Grasso,* 375 Mass. 138, 139 (1978) ("[A] crime must be proved as charged and must be charged as proved"). The answer is "yes" if the question is whether all the elements of the lesser offense are included in the greater offense. But if the question is as put by the defendant — whether the greater crime includes all the elements of the lesser crime — the answer is that the supposed lesser crime may not be available, as this case illustrates.

The analysis urged by the defendant is both counter-intuitive and inconsistent with the policy favoring the doctrine of lesser included offenses — a policy that stretches back to the beginning of our jurisprudence. See *Commonwealth* v. *Macomber,* 3 Mass. 223 (1807). As comment 5 to § 1.07 of the Model Penal Code (1985) points out, the doctrine of a lesser included offense serves a public purpose: it "allows the jury . . . to convict of the offense established by the evidence, rather than forcing it to choose between convicting the defendant of an offense not fully established by the evidence or acquitting, even though the defendant is clearly guilty of some offense." See also *Commonwealth* v. *Pizzotti,* 27 Mass. App. Ct. 376, 385 (1989) ("A judge need not fall in with a defendant's desire to gamble on the jury's acquitting him of the larger crime if that crime were put to them without the other choice").

This formulation of the doctrine as we have stated it was made abundantly clear in *Commonwealth* v. *Rodriguez,* 11 Mass. App. Ct. 379, 380 (1981) ("It has long been held that lesser included offenses are those necessarily included in the offense as charged"[5]). This formulation justifies the conviction of the lesser crime on an indictment charging the greater

---

[5]The court added, to the same effect, "By definition an offense which requires proof of an element different from, and in addition to, those

crime, and it is this formulation that has been cited repeatedly by the Supreme Judicial Court. See *Commonwealth* v. *Sherry*, 386 Mass. 682, 694-695 (1982); *Commonwealth* v. *Schuchardt*, 408 Mass. at 351; *Ariel A.* v. *Commonwealth*, 420 Mass. 281, 285 (1995).[6] The Model Penal Code, § 1.07(4)(a) (1985), similarly provides that an offense is included in the offense charged when the included offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." See also *Commonwealth* v. *Egerton*, 396 Mass. 499, 503 n.3 (1986) (court assumed that indecent assault and battery in violation of § 13B is a lesser included offense of forcible rape of a child under § 22A); *Commonwealth* v. *Cobb*, 26 Mass. App. Ct. 283, 284 (1988) (indictment did not name the alleged victim and stated merely that she was under sixteen years of age; because of the lack of proof of penetration, the counts on § 22A were reversed, and without explanation, we held that there was sufficient proof of the commission of the "lesser included crime, that described in G. L. c. 265, § 13B"[7]); *Commonwealth* v. *Brouillard*, 40 Mass. App. Ct. 448, 449 n.3 (1996) ("[I]ndecent assault and battery of a child is ordinarily a lesser included offense of rape of a child").

Further, having acquiesced in the lesser included instruction, the defendant cannot now claim to have been prejudiced by that instruction. Compare *Commonwealth* v. *Thayer*, 418 Mass. 130, 134 (1994) (defendant cannot claim to be prejudiced by a lesser included instruction since he relied on defense that no abuse occurred). We note also that while the indictments did not name the complainants, or state their ages to be under fourteen, discovery pleadings filed by the defendant, who was the cousin of one of the complainants and a family friend of the other, firmly established the undisputed fact of the defendant's knowledge of the identity of the

---

constituting the claimed greater offense is not a lesser included offense." 11 Mass. App. Ct. at 380.

[6]The Supreme Judicial Court has, on other occasions, used different expressions, including that proposed by the defendant, see, e.g., *Commonwealth* v. *Franks*, 365 Mass. 74, 78 (1974) but, to our knowledge, it has never done so in a context where the difference mattered, as in the case before us.

[7]We are informed by defendant's counsel that the indictment in *Cobb*, like the indictment in this case, states that the alleged victim was "under sixteen years of age."

complainants and their ages at the time of the alleged incidents.[8]

We hold, therefore, that on the facts in this case (it being undisputed before trial that the two complainants were under the age of fourteen), indecent assault and battery was a lesser included offense of forcible rape.

2. *The judge's refusal to allow a voir dire.* On the first day of the trial, the defendant moved for a voir dire of one of the child complainants (whom we shall call Mary), concerning an alleged sexual assault upon Mary by her father.[9] The motion was based on counsel's representations that certain public records revealed that Mary was the subject of an acrimonious custody battle between her father and mother. The father prevailed, and the mother was held in contempt on three occasions. Based on charges made by the mother in the custody proceedings, the defendant sought to examine Mary about an alleged incident described by the mother in those proceedings.

The judge ruled that "the distance between the evidence that in fact the mother did make these charges and that these charges reached the ears of this child, that distance is just too great to permit a very prejudicial question to be put to this child on that. You've got to have more foundation."

There was no error. The defendant had failed to put down any reasonable foundation of prior similar sexual abuse, see *Commonwealth* v. *Ruffen,* 399 Mass. 811, 815-816 (1987), and thus he fails to pass the threshold of "reasonable suspicion and a good faith basis for the inquiry" referred to in that opinion.

---

[8]See, e.g., the defendant's motion in limine to exclude certain arguments, naming both complainants; motion for hearing on competency of child witness to testify, naming both complainants and alleging both complainants to be "three years old [*sic*] at the time of the events alleged·in these indictments"; motion in limine to exclude certain prejudicial references, naming the complainants; motion in limine to allow prior bad acts of one of the complainants; motion in limine to admit evidence of another sexual assault naming one of the complainants; motion in limine to admit evidence of another sexual assault, naming the other complainant; motion for the discovery of interviews with the complainants.

The defendant makes no claim that he was deprived of procedural due process nor, based on the foregoing documents, was such a claim available to him.

[9]A similar motion regarding the second child complainant was allowed by agreement.

3. *Mary's alleged prior statement.* During his cross-examination of Mary, defense counsel explored a subject not covered on direct examination — whether Mary recalled telling a social worker that "one time [when the defendant was allegedly assaulting Mary] your brother Bobby came in asking for a drink of water?" Mary answered that she did. Later that same day, after the afternoon recess, defense counsel returned to the subject and asked the same question again. This time Mary testified that she did not remember making that statement to the social worker.

Without directing Mary's attention to her earlier testimony to refresh her recollection, defense counsel sought instead to refresh her memory by showing her the report of the social worker. The prosecutor objected, and the court ruled as follows: "I realize that there is a fairly wide variety of things you can ask to refresh your recollection from, but *I think that goes a little bit too far with a child this age*" (emphasis added).

There was no error. Counsel had successfully impeached Mary by her inconsistent answers. Moreover, the judge could reasonably conclude — as he evidently did — that a child of merely nine years would not likely understand that counsel was only showing her the report to "refresh her recollection" and not to gain her admission that the report was true. In these circumstances the defendant's right of cross-examination was "not impermissibly restricted." *Commonwealth* v. *Clarke,* 418 Mass. 207, 212 (1994).

*Judgments affirmed.*