COMMONWEALTH *vs.* GERALD WALKER.

Hampden. November 3, 1997. - December 17, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Instructions to jury, Lesser included offense, Indictment, Voir dire. *Rape. Indecent Assault and Battery. Child Abuse. Evidence,* Relevancy and materiality, Present recollection refreshed.

Indictments on charges of forcible rape of children under sixteen years of age, G. L. c. 265, § 22A, that failed to allege that the children were under the age of fourteen were sufficient to allow conviction of the defendant of indecent assault and battery on children under the age of fourteen, G. L. c. 265, § 13B, as lesser included offenses, in circumstances in which there was no dispute that the child victims were six years old; moreover, the defendant demonstrated no prejudice from the failure to allege the children's ages. [302-306]

At the trial of indictments alleging sexual abuse of children, the judge did not abuse his discretion in refusing to allow the defendant to conduct a voir dire of one of the victims regarding an allegation of prior sexual abuse, where there was no basis in the record for the granting of such a request. [306-308]

At a criminal trial, there was no error in the judge's ruling that defense counsel could not attempt to refresh a nine year old witness's recollection with the written report of a social worker, where defense counsel had successfully impeached the witness by eliciting inconsistent answers to questions on the subject. [308]

INDICTMENTS found and returned in the Superior Court Department on August 23, 1990.

The cases were tried before *William H. Welch,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

MARSHALL, J. The defendant, Gerald Walker, was convicted of indecent assault and battery of two children, whom we shall

call Mary and Jane. Each child was approximately six years old at the time of the incidents leading to Walker's convictions and nine years old at the time of Walker's trial. On appeal, Walker claims that indictments on charges of forcible rape of children under sixteen years of age, which failed to allege that the children were under fourteen years of age, were insufficient to allow Walker's convictions of the offense of indecent assault and battery on a child under the age fourteen. In addition, Walker raises two claims that the judge committed reversible error when he refused to conduct a voir dire of Mary concerning an allegation of previous sexual abuse and when he refused to allow defense counsel to refresh Mary's recollection with a report by a social worker which attributed a prior inconsistent statement to Mary. The Appeals Court affirmed Walker's convictions. 42 Mass. App. Ct. 14, 19 (1997). We granted Walker's application for further appellate review. We affirm Walker's convictions.

1. On a weekend in mid-July, 1990, Walker, a cousin to Mary and Jane, acted as the baby-sitter for the two girls while Mary's parents were away for four days. Four indictments charged Walker with forcible rape of a child under sixteen years of age, pursuant to G. L. c. 265, § 22A, arising from Mary's accusation that Walker had anal intercourse with her on four occasions that weekend in four different rooms of the house. Two indictments pursuant to G. L. c. 265, § 22A, charged Walker with the forcible rape of Jane, based on her accusation that Walker subjected her to anal intercourse that same weekend in the basement of Mary's house and on another occasion in her own home.[1] Walker warned both girls not to tell anyone of the incidents.

Within several weeks, the girls talked about the incidents with a fourteen year old relative, who reported the incidents to her mother. The mother informed Mary's father. Jane also told her mother of the second incident on the morning after it had occurred. On August 23, 1990, Jane made a statement to a State trooper.

2. On the indictments for rape, the judge, sua sponte,

---

[1]Jane initially testified that Walker put his penis in her "butt," but subsequently testified that his penis had not actually penetrated her, but had rubbed against her. Based on this testimony, the judge allowed so much of Walker's motion that called for a finding of not guilty as charged rape or statutory rape, but denied Walker's motion on a required finding of not guilty as to a "lesser included offense" of indecent assault and battery.

instructed the jury that they could return verdicts of guilty of lesser included offenses of indecent assault and battery on a child under fourteen years. Walker contends that indecent assault and battery on a child under fourteen years (G. L. c. 265, § 13B) is not a lesser included offense of the crime with which he was charged, forcible rape of a child under sixteen years (G. L. c. 265, § 22A). Walker points out that an element of the lesser included offense, that the victim be under the age of fourteen years, is not an element which necessarily must be proved to convict on the greater offense, since the greater offense requires proving only that the child be under the age of sixteen years. He argues that the judge had no jurisdiction to convict him of an offense which is not "included" in the indictment, and reversal on appeal is therefore required.

A defendant may properly be convicted of one crime, "though not expressly charged with that precise crime, if it is a lesser included offense of the crime" charged. *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 351 (1990). "[L]esser included offenses are those necessarily included in the offense as charged." *Ariel A.* v. *Commonwealth*, 420 Mass. 281, 285 (1995), quoting *Commonwealth* v. *Sherry*, 386 Mass. 682, 694 (1982). We have held that assault and battery is a lesser included offense of the crime of rape. See *Commonwealth* v. *Richmond*, 379 Mass. 557, 562 (1980), and cases cited. We also have "assum[ed]" that indecent assault and battery on child under fourteen years of age is a lesser included offense of forcible rape of a child under sixteen years of age, because "indecent assault and battery is merely an aggravated form of simple assault and battery, and the element of indecency necessarily inheres in the concept of rape." *Commonwealth* v. *Egerton*, 396 Mass. 499, 503 n.3 (1986).[2] In making that assumption, we focused on the elements of a defendant's conduct that are common to both crimes. *Id.*[3] In *Commonwealth* v. *Sanchez*, 405 Mass. 369, 381-382 (1989), we set aside guilty

_____

[2]In *Commonwealth* v. *Egerton*, 396 Mass. 499 (1986), the defendant appealed from the denial of his request to charge the jury on G. L. c. 265, § 13B, as a lesser included offense of G. L. c. 265, § 22A, the converse of the question presented to us in this appeal. *Id.* at 502-505. After "assuming" that G. L. c. 265, § 13B, was a lesser included offense of G. L. c. 265, § 22A, we concluded that there was sufficient evidence of the defendant's intent to rape the victim to support the judge's refusal to charge on indecent assault and battery of a child under fourteen. *Id.* at 504-505.

[3]At the time *Egerton* was decided, the victim's lack of consent was also an element common to both crimes. Statute 1986, c. 187, later amended G. L.

verdicts of indecent assault and battery of a child under fourteen years because they were lesser included offenses and therefore duplicative of the defendant's convictions of forcible rape of a child under the age of sixteen. We noted that "the crime of indecent assault and battery and the crime of rape of a child by force were 'so closely related in fact as to constitute in substance but a single crime.' " *Id.* at 381, quoting *Commonwealth* v. *Thomas,* 401 Mass. 109, 120 (1987). In assuming that G. L. c. 265, § 13B, was a lesser included offense of G. L. c. 265, § 22A, we have not considered whether the different age threshold for liability under G. L. c. 265, § 13B, "requires proof of an element different from, and in addition to, those constituting the claimed greater offense." *Commonwealth* v. *Rodriguez,* 11 Mass. App. Ct. 379, 380 (1981), citing *Commonwealth* v. *Jones,* 382 Mass. 387, 393 (1981). *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306-307 (1972).

We observe first that the age element in the lesser included offense may be different from, but is not in addition to, the age element in the greater offense. Proving the age of the lesser offense proves it also for the greater offense, even though the converse may not always be true.[4] Second, in this case there was no dispute as to the ages of the victims, nor that their tender ages at the time of the alleged crimes (they both were six years old) would constitute proof of the age element in each crime charged and the claimed included offense. The substantive facts supporting each element that the Commonwealth had to prove in these circumstances are identical for both crimes, except for the aggravating factor of penetration in the rape charge that distinguishes the greater offense from the lesser offense committed against these children. Walker asks us to reverse his convictions because of a technical flaw that the indictments failed to allege that the girls were under age fourteen, as well as under age sixteen.

c. 265, § 13B, to exclude lack of consent as an element of the crime of indecent assault and battery on a child under fourteen. See *Commonwealth* v. *Farrell,* 31 Mass. App. Ct. 267, 268-269 (1991).

[4]The Appeals Court apparently tried to capture this logic in framing the question as "whether all the elements of the *lesser* offense are included within the *greater* offense" (emphasis in original). *Commonwealth* v. *Walker,* 42 Mass. App. Ct. 14, 16 (1997). The Appeals Court continued that this court has on occasion "used different expressions, including that proposed by the defendant" but that we have "never done so in a context where the difference mattered, as in the case before us." *Id.* at 17 n.6.

In light of the lack of alignment of the age element of the lesser included offense with the age element of the greater included offense, the Appeals Court in this case appropriately looked to the policy underlying the doctrine of lesser included offenses. *Commonwealth* v. *Walker*, 42 Mass. App. Ct. 14, 16 (1997). It stated that "[t]he analysis urged by the defendant is both counterintuitive and inconsistent with the policy favoring the doctrine of lesser included offenses [that] serves a public purpose: it 'allows the jury . . . to convict of the offense established by the evidence, rather than forcing it to choose between convicting the defendant of an offense not fully established by the evidence or acquitting, even though the defendant is clearly guilty of some offense.' " *Id.*, quoting comment 5 to § 1.07 of the Model Penal Code (1985). Affirming the jury's verdicts in this case is consistent with such a policy.

Walker draws our attention to an important competing policy, that a defendant is entitled to notice of each alleged fact or element of the offense charged. See *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 196 (1979). "Where an indictment has failed to charge a crime because it lacks an essential ingredient of the crime sought to be charged the court has no jurisdiction to convict the defendant." *Id.* at 196. This policy has also been analyzed as a due process issue: "to be charged under one statute and convicted of a totally separate crime under a different statute poses grave problems in the light of the Due Process requirement that a defendant be given notice of the charges against him and an opportunity to defend himself." *Commonwealth* v. *Eaton*, 2 Mass. App. Ct. 113, 117 (1974). In this case, however, the defendant had sufficient notice in the indictments of the substantive elements of the crimes alleged: his conduct and that the victims were children. The failure to allege the children's ages in the indictment did not deprive Walker of notice of the lesser included crimes of which he was convicted,[5] nor did it handicap his defense in any way. Nor can it be said that he was convicted of "totally separate crime[s]."

We think it advisable in the future that the Commonwealth perfect indictments of this kind by noting whether the age of the victim is under fourteen years. Nonetheless, we hold that in

---

[5]Walker was able to discover the names and ages of the children through his discovery pleadings. The girls were a cousin and family friend known to him in any event. There is not even a remote possibility that Walker did not have notice that the children were under fourteen years of age.

the circumstances of a case such as this, where there is no dispute that a child is under the age of fourteen, an offense under G. L. c. 265, § 13B, is a lesser included offense of G. L. c. 265, § 22A.

3. Walker's second issue on appeal is whether the judge erred in denying him an opportunity to conduct a voir dire examination of Mary on an allegation of prior sexual abuse. On the first day of trial, Walker filed a motion in limine requesting allowance to cross-examine Mary and other witnesses concerning an allegation that she had been sexually assaulted by her father, prior to the incidents involving Walker. In the alternative, Walker requested that he be allowed to conduct a voir dire hearing on this issue. The judge denied his motion. The basis for Walker's request was a single reference contained in a Department of Social Services document, among voluminous department records concerning Mary, to a statement made by Mary's father that Mary's natural mother had accused him of sexually molesting Mary. The Commonwealth objected, and made the judge aware that Mary had been the object of a bitter custody fight in New York between her parents, that the father had been awarded custody after numerous hearings, that the mother had been found in contempt three times by the New York court, that the mother was addicted to drugs and, at the time of Walker's trial, that she could not be located. The mother had made the sexual abuse accusation against Mary's father in the context of the custody dispute over Mary.

We have held that in challenging the reliability of a child's testimony about sexual abuse, a defendant has a right to show that the child had personal knowledge of sexual acts and terminology from sexual abuse prior to the incidents alleged against a defendant. *Commonwealth* v. *Ruffen*, 399 Mass. 811, 815 (1987). The defendant must have a reasonable suspicion and a good faith basis for the inquiry. *Id.* We have suggested that a judge, given such a reasonable suspicion and good faith basis, should permit a voir dire examination to determine whether a child had been a victim of sexual abuse in the past. *Id.* Before any such evidence is admitted, the judge should determine both that the past abuse is factually similar to the abuse in the case on trial and that the child victim displays knowledge of sexual matters beyond his or her years. *Commonwealth* v. *Rathburn*, 26 Mass. App. Ct. 699, 707 (1988), citing *Ruffen, supra.*

Certainly in this case, the judge properly refused Walker's request to cross-examine Mary and anyone else on this issue without a stronger foundation of relevance and reliability. The question whether the judge should have allowed a voir dire examination of Mary or others may appear to be a closer question, but it is not. Walker's defense counsel conceded that his purpose for a voir dire examination was for neither of the two reasons we recognized in *Ruffen*: he said he did not seek to establish whether the incident occurred,[6] much less whether the details of the prior sexual abuse were sufficiently similar to the incidents alleged against Walker and whether Mary had knowledge of sexual matters beyond her years. The purpose stated for the voir dire was to try to establish something more remote from and less probative of Mary's prior knowledge of sexual matters, that she may have learned sexual information in the context of her mother's allegation against her father.

It is one thing to recognize that, because a child has experienced prior sexual abuse, she has an alternative source of personal information that may, in turn, account for her ability to describe sexual activity in testimony against a defendant. Such evidence may be relevant to the child's reliability as a witness or may rebut a presumption that a child would have no knowledge of such matters, absent the experience with the defendant. Far less relevant is a defendant's showing that a parent or someone else may have transmitted to a child information about sexuality, even if she acquired such information in the context of another, in this case apparently groundless, accusation of sexual abuse. While another case may arise in which a child's indirect knowledge about sexuality based on information from a secondary source is more relevant to the defense than here, in this case we place "reliance on the trial judge's personal observations of the victim and his ability to assess her maturity based upon her sophistication, exposure to life experiences and mental capacity." *Rathburn, supra* at 708.

In relying on the judge's assessment of the victim, on his concern to protect the victim from embarrassment and intrusion on her and her father's privacy, and on his weighing of the potential relevance against the potential prejudice of the matter

[6]Defense counsel informed the judge that his purpose was not to establish proof of the prior sexual abuse of Mary, but to show that because of the mother's accusations, Mary may have gained knowledge of sexual matters prior to the incidents with Walker.

sought to be inquired into, we conclude that the judge did not abuse his discretion in denying the voir dire examination that Walker requested.[7]

4. The third issue appealed from is the judge's refusal to allow Walker to use a social worker's report to refresh Mary's recollection during cross-examination. On this issue, we endorse the Appeals Court decision, 42 Mass. App. Ct. 14, for the reasons stated therein, *id.* at 19, and affirm the ruling of the trial judge.

*Judgments affirmed.*

---

[7]A similar request by Walker regarding inquiry at trial into prior sexual abuse of Jane, where there was more substantial information that the abuse had occurred, was agreed to by the Commonwealth and allowed by the judge.