NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-488

COMMONWEALTH

vs.

DAVID JEUDIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged by complaint in the District Court with strangulation.[1] At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty. The judge agreed with the defendant that the Commonwealth failed to meet its burden to prove strangulation but, over the defendant's objection, amended the charge to simple assault and battery and instructed the jury accordingly. After the defendant then testified in his own defense, the jury found him guilty of assault and battery. The defendant appeals, arguing that the judge's amendment of the strangulation charge to

---

[1] Although the complaint charged "strangulation or suffocation," the parties agree that suffocation was not at issue in the case.

assault and battery allowed the jury to convict the defendant of an offense not charged in the complaint and that this was prejudicial.  We agree and thus reverse.

Background.  The complaint stemmed from an incident that occurred between the defendant and the victim (the defendant's wife) on the night of August 3, 2020.  At the time the defendant and the victim were separated and not speaking to each other, but still living together with their children in the same house.

The victim testified on direct examination that, on the night in question, she was lying on an air mattress and talking on the phone with her assistant, George.  The defendant approached, asked "Who's George?" and "out of nowhere . . . just jump[ed] on [the victim] on the bed."  The defendant was "holding [the victim] on [her] chest" and "pushing [her] down" with his elbow, while using his other arm to "try[] to grab the phone."  When asked whether the defendant was pushing "any specific area of [her] body," the victim replied, "[R]ight there . . . by my neck and my chest."  When asked whether "that affect[ed] [her] breathing in any way," the victim replied, "No."  The victim was eventually able to get up and call 911.

The victim further testified that she was injured as a result of the incident and described her injuries as "red marks . . . all over [her] chest."  The Commonwealth then introduced

2

in evidence four photographs taken of the victim's neck and chest area that night and asked the victim to point to her injuries. As to the first photograph, the victim testified, "It doesn't show it clear here, but this is where all -- right there, it was like mark [sic] all over here," and "It's not showing exactly." As to the second photograph, the victim testified, "The mark are [sic] not clear on the picture, but from the first picture to the second one, this is where like my stomach was all red from him holding me down." As to the third photograph, the victim testified that it showed injuries "[r]ight under [her] neck" while stating, "It does not appear bright red in the picture, but you could see that's not my normal color." As to the fourth photograph, the victim testified that it "shows . . . the two different tones of color" on "[her] neck" and the "top of [her] chest."

Two police officers who responded to the 911 call also testified for the Commonwealth. One of the officers testified that he saw "some . . . redness on [the victim's] neck that would be consistent with strangulation." The other officer testified that he spoke to the defendant at the scene and the defendant stated that, after he took the victim's phone, she accused him of strangling her.

3

The Commonwealth rested its case after presenting these three witnesses.  The defendant then moved for a required finding of not guilty on the strangulation charge, arguing that "there was no evidence that [the defendant] ever put his hands around [the victim's] neck or impeded her breathing."  The judge agreed, noting that the victim specifically testified that the defendant's actions did not impede her breathing, that "only once did she mention her neck,"[2] and that "she generally focused on the chest area."  Concluding, however, that assault and battery is a lesser included offense of strangulation, the judge ruled over the defendant's objection that the appropriate remedy was to reduce the strangulation charge to assault and battery. The judge then instructed the jury as follows:

> "I'm withdrawing from your consideration the charge of strangulation.  To be specific, that charge, which is Count Two, has been reduced to what's called assault and battery."

> "When you deliberate in this case, you are only to deliberate concerning the charges that are remaining. . . . I'm going to give you a quick introduction to the elements of assault and battery now, and again, I'll instruct you more fully later on in the trial."

> "In order to prove the defendant guilty of committing an intentional assault and battery, the Commonwealth must prove three things beyond a reasonable doubt; that the defendant touched the person [of] the alleged victim; that the defendant intended to touch the alleged victim; and

---

[2] The judge's observation was correct insofar as the victim mentioned her neck only once until she was shown the photographs.

4

that the touching was either likely to cause bodily harm to the alleged victim or was offensive.  I'll go into these elements in more detail at the end of the trial."

"You are not to speculate about why the charge has been reduced, and it is not to influence your verdict on the remaining charges.  Your responsibility now is to decide the charges that remain pending against the defendant based solely on the evidence concerning those charges now before you."

The defendant then testified in his own defense.  He denied that he assaulted the victim but admitted that he "walked over to her and . . . grabbed the phone from her" because he was "jealous."  The defendant acknowledged that he may have "scared" the victim by doing so.

As promised, the judge's final charge explained the elements of assault and battery in greater detail.  Among other things the judge explained that "[a] touching is any physical contact, however slight."  The judge also instructed on both harmful and offensive battery as follows:  "To prove the third element, the Commonwealth must prove that the touching was either likely to cause bodily harm to the alleged victim, or was offensive.  A touching is offens[ive] if it is without consent."  The judge later provided these instructions in writing to the jury after they sent a note asking for the "written definitions of . . . the relevant laws."

Discussion.  The defendant raises various related challenges to the judge's amendment of the strangulation charge

5

to assault and battery.[3]  Specifically, the defendant argues that the amendment (1) resulted in a material variance because it allowed the jury to convict the defendant based on conduct outside the scope of the complaint, (2) was an impermissible substantive amendment because it changed the offense from one that required a touching of the victim's neck to one that could be satisfied by a touching anywhere on her body, (3) was an impermissible substantive amendment because offensive battery contains an element (lack of consent) that strangulation does not, and (4) prejudiced the defense by impacting strategic choices and allowing the jury to convict without relying on any contested evidence.

We begin by addressing whether the defendant preserved these objections for appeal.  The Commonwealth contends that he did not because the sole basis for defense counsel's objection at trial was that there was insufficient evidence of an assault

---

[3] We are unpersuaded by the Commonwealth's assertion that the judge did not, and could not, amend the complaint because there was no underlying motion to amend.  A complaint can be amended constructively by "the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both." Commonwealth v. Garcia, 95 Mass. App. Ct. 1, 4 (2019), quoting Commonwealth v. Bynoe, 49 Mass. App. Ct. 687, 691-692 (2000). Here, the judge expressly stated mid-trial that he was reducing the strangulation charge to assault and battery, he instructed the jury on assault and battery, and the complaint and docket contain notations that the strangulation charge was "amended" to assault and battery.

and battery. Conversely, the defendant contends that defense counsel raised repeated objections that the amendment changed the elements of the offense and allowed the jury to convict based on conduct not charged in the complaint. The record supports the defendant's position. At no point did defense counsel argue that there was insufficient evidence of an assault and battery. Rather, he objected on grounds that "there are different elements" and "the specific element[s] of [strangulation] are not the specific elements of assault and battery." He also asserted that "the Court is deciding . . . to charge [the defendant] with a case that is not before the Court," that the amendment would "bring in a new charge," and that he (defense counsel) "prepared [the] case as a charge of strangulation." Moreover, when the judge asked whether there could be "a strangulation without an assault and battery," defense counsel replied, "[T]here has to be a touching and things like that, but this is to a different area." While overruling defense counsel's objection, the judge stated that he understood it and that the defendant's rights "are reserved on that." Based on this exchange, we conclude that the defendant has preserved the issues he raises on appeal. Our review is thus for prejudicial error. See Commonwealth v. Cruz, 445 Mass. 589, 591 (2005).

7

We agree with the defendant that the amendment was in error because it allowed the jury to convict him based on conduct not charged in the complaint.  Under G. L. c. 263, § 4, "[n]o person shall be held to answer in any court for an alleged crime, except upon an indictment by a grand jury or upon a complaint before a district court [or other specified courts] . . . or in proceedings before a court-martial."  A complaint is therefore "subject to amendment as to form, if without prejudice to the defendant, but not as to substance."  Commonwealth v. Bynoe, 49 Mass. App. Ct. 687, 691 (2000).  "[A]n amendment may not broaden the charges against a defendant."  Commonwealth v. Ruidiaz, 65 Mass. App. Ct. 462, 464 (2006).

Here, the judge reasoned that the complaint could properly be amended on the premise that assault and battery is a lesser included offense of strangulation.  As a general matter, it is true that a complaint "not only charges the principal offense but also lesser included offenses, and a defendant may be convicted under such a complaint for a lesser included offense." Commonwealth v. Rodriguez, 11 Mass. App. Ct. 379, 380 (1981).  But even assuming, without deciding, that assault and battery is a lesser included offense of strangulation,[4] the problem in this

---

[4] The defendant argues that assault and battery, where the theory is an offensive touching, is not a lesser included offense of strangulation because offensive battery requires

8

case is that the victim testified about multiple acts committed by the defendant that could have constituted an assault and battery, and the judge did not limit the jury's consideration to the conduct charged in the complaint, i.e., touching of the neck. A similar situation was presented in Commonwealth v. Dean, 109 Mass. 349, 351 (1872), where the defendants were indicted for rape, but the Commonwealth proceeded at trial on the lesser included offense of assault. Although the Commonwealth presented evidence that the victim was assaulted at least twice, the judge declined the defendants' request for an instruction that the jury could not "convict[] for any assault not connected with the rape originally charged." Id. at 352. The court held that this was reversible error because it allowed the jury to convict the defendants "upon evidence of another

_____

proof of lack of consent whereas strangulation does not. This argument is not without force. See Commonwealth v. Farrell, 31 Mass. App. Ct. 267, 268-269 (1991) (offensive battery not lesser included offense of indecent assault and battery on child under fourteen because latter does not require proof of lack of consent). While the Commonwealth correctly observes that an alternative means of committing a crime does not preclude that crime from being a lesser included offense of another crime, "comparison of [the] elements [of the crimes] must focus on the specific variations that the defendant is alleged to have committed." Commonwealth v. Roderiques, 462 Mass. 415, 421 (2012). Here, the judge specifically instructed the jury on offensive battery, and the Commonwealth raises no argument that assault and battery under that theory is a lesser included offense of strangulation. Because we resolve the appeal on another ground, however, we need not reach this issue.

9

offence of the same kind, committed on the same day," but not charged in the indictment.  Id.

Similarly here, without an instruction that the acts underlying the assault and battery must be related to those underlying the strangulation charge, the amendment allowed the jury to convict the defendant of an offense not charged in the complaint.  See Commonwealth v. Barbosa, 421 Mass. 547, 552 (1995) (error in Dean could have been avoided by "instruct[ing] the jury to render their verdict only on the factual incident which was the basis for the indictment").  The defendant raised this possibility to the judge when he argued that "there has to be a touching . . . but this is to a different area."  Thus, for at least this reason, we conclude that the amendment was in error.  Cf. id. at 551-554 (where indictment referred to single act of distribution but Commonwealth presented evidence of two acts, reversal required because of substantial risk that defendant convicted of crime for which he was not indicted); Commonwealth v. Garcia, 95 Mass. App. Ct. 1, 4-6 (2019) (where indictment charged rape of child based on "sexual intercourse," but jury heard evidence and were instructed regarding "unnatural" or "oral" intercourse, indictment was constructively amended as to substance, requiring reversal); Commonwealth v. Pearson, 77 Mass. App. Ct. 95, 101-102 (2010) ("prejudicial to

10

permit the Commonwealth to amend its bill of particulars during the trial and, over the defendant's objection, to allege that the defendant committed different [transaction involving stolen credit card]" that was not charged in indictment).

We turn to whether the defendant has demonstrated prejudice. See Bynoe, 49 Mass. App. Ct. at 692-693 (in case not involving felony prosecution on indictment, prejudice must be shown, and is not presumed, from erroneous amendment of charge). An error is prejudicial "if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994), quoting Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 445 (1983).

Here, we are unable to say with fair assurance that the jury did not convict the defendant based on uncharged conduct. Contrary to the Commonwealth's assertion that the other touchings were "incidental to the touching of [the victim's] neck," the victim testified repeatedly that the defendant jumped on her out of nowhere, pushed down on her chest with one arm, and used the other arm to grab her phone. As the judge observed, "[the victim] generally focused on the chest area" and mentioned her neck "only once" (until she was shown the

11

photographs, see supra n.2). Given the victim's focus on the defendant's other acts, we cannot say with confidence that the error in amending the charge to assault and battery, without limiting the charge to the touching of the neck, "did not influence the jury, or had but very slight effect." Flebotte, 417 Mass. at 353, quoting Peruzzi, 15 Mass. App. Ct. at 445. This is especially so where the judge instructed the jury on offensive battery, which does not require proof of bodily harm. Whether the victim suffered bodily harm was a contested issue at trial, and so the instruction on offensive battery increased the risk that the jury convicted the defendant based on his initial acts of jumping on the victim and pushing down on her chest. The Commonwealth's closing argument did not mitigate this risk because it did not focus the jury on whether the defendant touched the victim's neck, but rather could be read to be arguing that the defendant's other acts also constituted assault and battery.[5] Cf. Commonwealth v. Kelly, 470 Mass. 682, 702 (2015) (judge's failure to give separate and distinct acts instruction not mitigated by prosecutor's closing argument,

---

[5] In particular, the Commonwealth referred to the victim's injuries "to her neck area and chest" and then argued: "[A]s a result of the defendant's jealousy, he proceeds to grab her phone then gets on top of her, and uses force and both of his hands, and I would submit to you that that is assault and battery and that has been constant."

12

which "did not specifically point out which alleged acts corresponded to which charges"). For these reasons we conclude that the error was prejudicial, requiring reversal of the defendant's conviction. Cf. Commonwealth v. Farrell, 31 Mass. App. Ct. 267, 269 (1991) ("defendant's conviction of an offense not alleged in the complaint [could not] stand" under substantial risk of miscarriage of justice standard); Rodriguez, 11 Mass. App. Ct. at 382 ("We are satisfied that to be convicted of an offense not charged would certainly be a miscarriage of justice").[6]

Judgment reversed.

Verdict set aside.

By the Court (Blake, C.J., Shin & Walsh, JJ.[7]),

Paul Little

Clerk

Entered: May 28, 2025.

---

[6] The parties did not brief the issue of whether double jeopardy would bar retrial and in what circumstances. Should the Commonwealth retry the defendant, the issue can be addressed at that time.

[7] The panelists are listed in order of seniority.

13