After a jury trial, the defendant was convicted of assault and battery upon a family or household member, in violation of G. L. c. 265, § 13M, and of strangulation or suffocation, in violation of G. L. c. 265, § 15D. On appeal, the defendant claims that there was insufficient evidence to support his strangulation conviction, his assault and battery conviction was duplicative of this strangulation conviction, and the judge erred in her jury instructions. We affirm.
1. Strangulation. When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999), quoting from Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, supra at 319. Indeed, "[o]ur inquiry centers upon 'whether the evidence would permit a jury to find guilt, not whether the evidence requires such a finding.' " Commonwealth v. Taskey, 78 Mass. App. Ct. 787, 798 (2011), cert. denied, 565 U.S. 1159 (2012), quoting from Commonwealth v. Brown, 401 Mass. 745, 747 (1988).
The defendant claims there was insufficient evidence to support his strangulation conviction. More particularly, he claims that the Commonwealth's evidence failed to establish that he intentionally interfered with the victim's "normal breathing or circulation of blood by applying substantial pressure on [her] throat or neck." G. L. c. 265, § 15D(a ), inserted by St. 2014, c. 260, § 24. We disagree.[2]
The reconstructed record of the trial reveals that the defendant and the victim were engaged in a fight outside a convenience store and a nearby hotel. When police officers approached the two, one of the two officers saw the defendant push the victim and the victim "swat[ ] him away." The defendant then hit the victim in the head, and the victim threw coffee at the defendant. The defendant became "enraged and put his left arm around [the victim's] neck, 'swinging her from side to side' by the neck." The police officers identified themselves and ran toward the couple. To one of the officers, "it appeared that the defendant was choking [the victim], who "yelped" and "let out a couple of screams." The victim had "red marks" around her neck and face.
The defendant claims that this evidence does not offer a basis to conclude that his conduct interrupted the victim's breathing or blood circulation. However, in the light most favorable to the Commonwealth, the officer saw the defendant put his arm around the victim's neck, with enough force to "swing her from side to side" and to leave red marks. From this observation, it was apparent to the officer that the defendant was "choking" the victim. As a transitive verb, the first definition of "choke" in Merriam-Webster's Collegiate Dictionary 218 (11th ed. 2007), is to "check or block normal breathing of by compressing or obstructing the trachea." Moreover, "choking" is defined as "producing the feeling of strangulation." Ibid. Given the plain meaning of these words, it was a reasonable inference for the jury to conclude that the defendant interfered with the victim's "normal breathing." G. L. c. 265, § 15D(a ). See Commonwealth v. Casale, 381 Mass. 167, 173 (1980) ( "[I]nferences drawn by the jury need only be reasonable and possible and need not be necessary or inescapable"). To the extent the defendant claims that the victim's ability to "yelp" disproves strangulation, we note only that her ability to make sounds affects only the weight of the evidence and not its sufficiency because the crime is achieved by "interference" with breathing and complete strangulation is not required.[3] G. L. c. 265, § 15D(a ).
2. Duplicative convictions. The defendant also claims that his domestic assault and battery conviction is duplicative of his strangulation conviction and, thereby, violates the double jeopardy clause. In support, the defendant argues that the assault and battery must be treated as a lesser included offense of strangulation because both convictions stem from a single indivisible course of conduct. We disagree.
The defendant makes this claim for the first time on appeal. "Where the defendant neither raised the issue of duplicative convictions before the trial court, nor filed a motion to revise or revoke the sentence under Mass.R.Crim.P. 29, 378 Mass. 899 (1979), we review his claim only to determine if a substantial risk of a miscarriage of justice occurred." Commonwealth v. Vick, 454 Mass. 418, 430 n.13 (2009).
As an initial matter, we must determine whether domestic assault and battery and strangulation are cognate offenses. If "each offense requires proof of an additional element that the other does not, 'neither crime is a lesser-included offense of the other, and the convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative].' " Id. at 431, quoting from Commonwealth v. Jones, 382 Mass. 387, 393 (1981). "Where the elements differ, even if the two offenses arise from the same conduct, the defendant may be convicted of and sentenced on both offenses." Commonwealth v. Porro, 458 Mass. 526, 532 (2010). See Vick, supra.
Assault and battery on a family member is not a lesser included offense of strangulation. Strangulation does not require that the defendant and victim are in a substantive dating or familial relationship. Compare G. L. c. 265, § 13M, with G. L. c. 265, § 15D. The defendant agrees that these are not "authentic" cognate offenses. However, he nonetheless claims that they are duplicative in the sense that his conduct in the commission of these offenses was "so closely related in fact as to constitute in substance but a single crime." Commonwealth v. Morin, 52 Mass. App. Ct. 780, 787 (2001), quoting from Commonwealth v. St. Pierre, 377 Mass. 650, 662-663 (1979).
Putting aside that the two offenses were committed with separate and distinct acts,[4] outside the context of cognate offenses, the traditional, elements-based Morey [5] rule "remains the standard for determining whether multiple convictions stemming from one criminal transaction are duplicative." Vick, supra. The "elements-based approach recognizes 'the role of the Legislature as the primary body that creates, and defines, crimes, and the fact that, in punishing related offenses, the Legislature usually intends to further distinct policies.' " Id. at 431-432 (quotation omitted). The conduct-based approach plays no role here. See Commonwealth v. Buckley, 76 Mass. App. Ct. 123, 126 (2010) (observing that "the siren song of the conduct-based approach has been silenced"). There was no error and, thus, no risk that justice miscarried.
3. Jury instructions. Finally, the defendant claims that, in addition to the judge's instructions on intentional assault and battery, the judge instructed the jury, over his objection, on an unsubstantiated reckless assault and battery theory, which left a fatal uncertainty as to which theory the jury employed to convict. We disagree. Even if the jury were required to be unanimous as to which theory it utilized, which is not true in all circumstances and may not have been the case here, see Commonwealth v. Santos, 440 Mass. 281, 288-289 (2003) ; Commonwealth v. Zanetti, 454 Mass. 449, 466-468 (2009) ; Commonwealth v. Arias, 78 Mass. App. Ct. 429, 431-433 (2010), the jury indicated its unanimous choice of intentional assault and battery on a special verdict slip. There was no error.
Judgments affirmed.

On appeal, the Commonwealth has conceded that there was insufficient evidence of strangulation. Our independent review of the record leads us to conclude otherwise and, therefore, we do not accept the concession.

Because the means of strangulation is defined in the disjunctive, the Commonwealth was not required to prove both interference with breathing and blood flow. See G. L. c. 265, § 15D(a ). See also Commonwealth v. Clark, 472 Mass. 120, 135 (2015) ("The word 'or' has a disjunctive meaning unless the context and the main purpose of all the words demand otherwise" [quotation omitted] ). The defendant does not claim otherwise.

The evidence demonstrated that the defendant's hitting the victim's head (assault and battery on a family member) was separated spatially and temporally from the defendant's putting his arm around her neck and choking her (strangulation).

Morey v. Commonwealth, 108 Mass. 433 (1871).