The defendant, Kevin D. Pino, appeals from a judgment of conviction of assault by means of a dangerous weapon, G. L. c. 265, § 15B(b ). We affirm.
Background. On October 17, 2014, the defendant met Afrik Brisbon, his former wife and mother of four of his children, at a coffee shop in Everett for a visitation exchange of the three youngest children. Seventeen year old Kevin, Jr., the couple's oldest child, accompanied his mother to the meeting.
Seeing Kevin, Jr., the defendant told him that "he had some nerve." The defendant and Kevin, Jr. began arguing; they were less than two feet away from each other. Kevin, Jr. took his shirt off to fight his father. The defendant pulled out a knife and pointed the blade towards Kevin, Jr. with an expression on his face that Brisbon described as, "I'll stab him."
Kevin, Jr. jumped back when he saw the knife. Brisbon heard her son say to the defendant, "You got a knife." She grabbed the defendant's arm. In a panic, Kevin, Jr. ran off, picked up a paving stone, and threw it toward the defendant, hitting him on the wrist, then fled.
Sufficiency of the evidence. The defendant contends that his conviction must be reversed because the jury returned a general verdict after being instructed on both the "attempted battery" and "threatened battery" theories of assault, but the evidence was not sufficient to support the attempted battery theory. He also argues that the evidence was insufficient to prove threatened battery. We disagree. The evidence was sufficient under both theories.
The Commonwealth may prove assault using either the attempted battery or threatened battery theory. See Commonwealth v. Porro, 458 Mass. 526, 530-531 (2010) ; Commonwealth v. Chambers, 57 Mass. App. Ct. 47, 48 (2003). We review "the evidence in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).
Under the attempted battery theory, the Commonwealth has the burden to prove that the defendant "intended to commit a battery, took some overt step towards accomplishing that intended battery, and came reasonably close to doing so." Porro, supra at 530, quoting from Commonwealth v. Melton, 436 Mass. 291, 295 (2002). The jury could have found that in the middle of a heated argument with his son, the defendant pulled a knife out and pointed it at him. From these actions, the jury could reasonably have inferred that the defendant intended to harm Kevin, Jr. See Commonwealth v. Mazariego, 474 Mass. 42, 46 (2016) (jury "may rely on common experience to draw inferences"). The jury were also warranted in finding that by pointing the knife at Kevin, Jr. in such close proximity, the defendant took an overt step towards carrying out his intent and came reasonably close to completing the battery. The evidence supports a conviction under the attempted battery theory.
With respect to the threatened battery theory, the Commonwealth must prove that the "defendant engaged in conduct that a reasonable person would recognize to be threatening, that the defendant intended to place the victim in fear of an imminent battery, and that the victim perceived the threat." Porro, supra at 530-531. "The Commonwealth may properly use the same conduct to prove an assault under both forms." Commonwealth v. Arias, 78 Mass. App. Ct. 429, 434 (2010).
The jury could have found the defendant's conduct-pointing a knife at Kevin, Jr. while in close proximity-to be threatening to a reasonable person. The jury could also conclude that Kevin, Jr. perceived the threat and feared an imminent battery. After he saw the knife, Kevin, Jr. jumped backwards, exclaimed, seemed to panic, and ran off to find a means to defend himself. A rational trier of fact could have found that the defendant committed an assault under the threatened battery theory.
Missing witness instruction. Kevin, Jr. did not testify at the defendant's trial. After the judge had completed the final charge, the defendant requested a missing witness instruction, which the judge refused. The defendant claims that the judge's failure to give the instruction was an abuse of discretion warranting reversal of his conviction.
"A missing witness instruction is appropriate when a party 'has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case,' and the party, without explanation, fails to call the person as a witness." Commonwealth v. Saletino, 449 Mass. 657, 667 (2007), quoting from Commonwealth v. Anderson, 411 Mass. 279, 280 n.1 (1991). "The decision whether to provide a missing witness instruction to the jury is within the discretion of the trial judge, and will not be reversed unless the decision was manifestly unreasonable." Ibid.
The defendant asserts that Kevin, Jr.'s testimony was important to the case because the only other eyewitness, Brisbon, was biased against him, and because Kevin, Jr.'s state of mind and conduct were relevant to both the elements of the assault charge and his claim of self-defense. Indeed, the defendant suggests that Kevin, Jr.'s testimony would have been favorable to him. "When it appears that the witness may be as favorable to one party as the other, no inference is warranted." Anderson, supra at 282.
Moreover, the defendant was the witness's father, and nothing in the record suggests that the Commonwealth had superior knowledge of the witness's whereabouts or superior access to him. "Where 'a witness is equally available to parties on both sides of a dispute, no inference should be drawn against either side for failing to call the witness.' " Commonwealth v. Hoilett, 430 Mass. 369, 376 (1999), quoting from Commonwealth v. Cobb, 397 Mass. 105, 108 (1986). The defendant has not demonstrated that the judge's failure to give the instruction was manifestly unreasonable.
Judgment affirmed.