On April 29, 2003, the defendant pleaded guilty to charges of assault and battery on a police officer, pursuant to G. L. c. 265, § 13D ; malicious destruction of property, pursuant to G. L. c. 266, § 127 ; threats to commit a crime, pursuant to G. L. c. 275, § 2 ; and disorderly conduct, pursuant to G. L. c. 272, § 53. The defendant filed motions to withdraw his guilty pleas on three occasions -- in 2009, 2016, and 2017 -- each of which was denied. In the instant appeal from the order denying the 2017 motion, the defendant maintains that there was an insufficient factual basis for his guilty plea to the crime of assault and battery on a police officer. We affirm.
Discussion. Passing on the question whether the defendant waived his present argument by failing to raise it in his first motion, the defendant's appeal falters because he has not shown that the denial of his motion to withdraw his plea was "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997). Here, the factual basis for the defendant's plea included the following.[2] On October 18, 2002, at approximately 2:30 A.M. , the defendant put his fist through the window of a convenience store. When Lowell police Officer Tong Phay arrived at the scene, he observed that the defendant was belligerent. He was screaming and threatening to "beat up" one of the other responding officers. As Officer Phay approached the defendant in an attempt to calm him, the defendant became even more violent. When Officer Phay tried to escort the defendant away from the store, he flailed his arm and struck Officer Phay in the shoulder. This was a sufficient factual basis for each of the elements of assault and battery on a police officer.[3] Commonwealth v. Porro, 458 Mass. 526, 529 (2010).
Order entered November 7, 2016, denying motion to withdraw guilty plea affirmed.

The recorded plea hearing no longer exists. The Commonwealth and the defendant aver that the charges were supported by the police report, from which we derive the following factual recitation.

Because there was a sufficient factual basis for intentional assault and battery on a police officer, we need not reach the defendant's arguments regarding a reckless assault and battery theory.