The defendant, Eugene J. Parrish, appeals his conviction, by a District Court jury, of assault by means of a dangerous weapon. G. L. c. 265, § 15B (b ). The defendant contends that the Commonwealth failed to introduce evidence sufficient to establish that he used a dangerous weapon to commit an assault. We affirm.
Discussion. The Commonwealth may prove assault using either an attempted battery or threatened battery theory of the offense. See Commonwealth v. Porro, 458 Mass. 526, 530-531 (2010). We review "the evidence in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). The evidence was sufficient under both theories.[2]
Under the threatened battery theory, the Commonwealth must prove that the "defendant engaged in conduct that a reasonable person would recognize to be threatening, that the defendant intended to place the victim in fear of an imminent battery, and that the victim perceived the threat." Porro, 580 Mass. at 530-531. The incident at issue here occurred on a bus on December 1, 2016. Based on the testimony and video surveillance of the incident, the jury could have found that the defendant recognized an acquaintance on the bus. After confronting her, he clutched his waistband. She interpreted this to mean he was reaching for a gun, and grabbed his hand to keep him from pulling out a weapon. She felt a hard metal object and saw something silver, which she stated was a gun. See Commonwealth v. Powell, 433 Mass. 399, 401-402 (2001) ("The standard definition of 'dangerous weapon' includes those items that are, by their nature, capable of causing serious injury or death, but also includes items that are used or displayed in a way such that they reasonably appear capable of causing serious injury or death").
When the bus stopped, several people ran off the bus. The defendant started to get off the bus, and the victim then shoved him out the back door and ran to the front of the bus where the driver was seated. The defendant pulled out a handgun, visible in the video, and pointed the gun towards the bus. She ducked for cover in the now empty bus, believing that the defendant was about to shoot her.[3] The evidence was sufficient to permit the jury to find that the defendant intended to place her in fear of an imminent battery, and that she did in fact fear that he would harm her.
With respect to attempted battery, the Commonwealth has the burden to prove that the defendant "intended to commit a battery, took some overt step towards accomplishing that intended battery, and came reasonably close to doing so." Porro, 458 Mass. at 530, quoting Commonwealth v. Melton, 436 Mass. 291, 2915 (2007). The jury could have found that the defendant attempted to pull a handgun from the waistband of his pants after instigating a confrontation, an overt step towards carrying out the intended battery. The jury also could have found that the defendant came reasonably close to committing a battery, but was thwarted when the victim grabbed him by the wrists.
Viewed in the light most favorable to the Commonwealth, there was sufficient evidence that the assault was accomplished by means of a dangerous weapon to support a conviction under both a threatened battery and an attempted battery theory of assault by means of a dangerous weapon.
Judgment affirmed.

"The Commonwealth may properly use the same conduct to prove an assault under both forms." Commonwealth v. Arias, 78 Mass. App. Ct. 429, 434 (2010).

A police officer trained in firearms detection also testified that the object seen on the video was a gun.