NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1146

COMMONWEALTH

vs.

MACK MCCRAY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant of two counts of indecent assault and battery on a child under fourteen years old.  On appeal, the defendant contends that the judge erred by admitting bad acts evidence and instructing the jury on indecent assault and battery as a lesser included offense of rape of a child.  We affirm.

Background.  When the victim was eight years old, she lived for a period of time in her grandmother's home with her mother, brother, and the defendant, who is her uncle.  One day, the defendant brought the victim to the pantry area and inserted his fingers into "the part where [she] pee[s] at."  The defendant also used the victim's hand to touch his penis.  The defendant

then threatened the victim, saying that "if [she] told that [she] would get in trouble."  The victim did not disclose the abuse until she was eighteen years old.

A grand jury indicted the defendant for rape of a child and indecent assault and battery on a child under fourteen.  The basis for the former charge was the defendant's touching of the victim's vagina.  The basis for the latter charge was the defendant's use of the victim's hand to touch his penis.

At trial, the victim testified that a few years after the sexual assaults she spent the night at her grandmother's house.  According to her testimony, that night, the defendant entered the victim's bedroom and lifted her blanket off her.  When the defendant attempted to touch the victim, she said "no" and yelled for her grandmother.  Nobody responded to the victim's calls for help.  The defendant initially tried to quiet the victim, but eventually he just left the room.

Discussion.  1. Bad acts evidence.  "[E]vidence of [subsequent] bad acts 'is not admissible to show a defendant's bad character or propensity to commit the charged crime.'" Commonwealth v. Facella, 478 Mass. 393, 403 (2017), quoting Commonwealth v. Dwyer, 448 Mass. 122, 128 (2006).  "[S]uch evidence is admissible when offered for another purpose, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or pattern of operation, so long as its probative

2

value for that purpose is not outweighed by its prejudicial effect." Commonwealth v. Welch, 487 Mass. 425, 442-443 (2021), quoting Commonwealth v. Hall, 485 Mass. 145, 163 (2020). "These matters are 'entrusted to the trial judge's broad discretion and are not disturbed absent palpable error.'" Commonwealth v. Childs, 94 Mass. App. Ct. 67, 71 (2018), quoting Commonwealth v. Keown, 478 Mass. 232, 242 (2017), cert. denied, 583 U.S. 1139 (2018). "As the defendant timely objected to the introduction of the [bad acts evidence], we review the ruling for prejudic[ial error]." Commonwealth v. Correia, 492 Mass. 220, 232 (2023).

The evidence of the defendant's uncharged conduct was relevant for the limited purpose of showing the nature of the relationship between the victim and the defendant. See Dwyer, 448 Mass. at 128-129 (in sexual assault cases, evidence of uncharged conduct may be admissible "to give the jury a view of the entire relationship between the defendant and the alleged victim"). The incident also was probative of the defendant's "pattern of conduct and the existence of the defendant's sexual interest in the victim." Commonwealth v. Centeno, 87 Mass. App. Ct. 564, 567 (2015). Finally, it provided context for the victim's delayed disclosure, supported the victim's claim that she was afraid of the defendant, and rebutted the defendant's argument that the victim waited years to tell her mother because

3

the initial assaults never happened.  See Commonwealth v.

McKinnon, 35 Mass. App. Ct. 398, 404-405 (1993) (evidence of

prior bad acts permissible to explain child victim's delayed

disclosure of sexual assault).  Where the judge carefully

weighed the evidence of the bedroom incident at the victim's

grandmother's house and determined that its probative value

outweighed any potential undue prejudice, we discern no abuse of

discretion and thus conclude there was no error in the admission

of the uncharged misconduct.[1]

2.  Jury instructions.  "[I]t is not error to give a lesser

included offense instruction if on any hypothesis of the

evidence, the jury could have found the defendant[] guilty of

[the lesser included offense] and not guilty of the greater

offense" (quotation omitted).  Commonwealth v. Porro, 458 Mass.

526, 537 (2010).

> "In determining whether there is such a hypothesis, 'the
> judge may consider the possibility that the jury reasonably
> may disbelieve the [witness's] testimony regarding an
> element required of the greater, but not the lesser
> included, offense . . . even though the element that
> distinguishes the two offenses was not specifically
> disputed or put in issue at trial."

Commonwealth v. Roderiques, 462 Mass. 415, 424-425 (2012),

quoting Porro, supra.  "[W]here a child is under the age of

---

[1] The judge excluded three other instances of prior and
subsequent bad acts proffered by the Commonwealth in limine
because he found they were unduly prejudicial.

4

fourteen, the crime of indecent assault and battery on a child under fourteen, in violation of G. L. c. 265, § 13B, is a lesser included offense of the crime of rape of a child under sixteen, in violation of G. L. c. 265, § 23." Commonwealth v. Suero, 465 Mass. 215, 219 (2013). The difference between the two crimes is the element of penetration.

We disagree with the defendant's contention that the victim's testimony unequivocally established the element of penetration, and the judge thus erred by instructing the jury on the lesser included offense. The victim testified that the defendant's fingers went inside of her "private area . . . where [she] pee[s] at." The victim also testified that the defendant "went inside of [her] underwear" and "touched [her]." Where there was "evidence of both non-penetrating and penetrating contact, the jury were free to believe the former and disbelieve the latter." Commonwealth v. Russell, 470 Mass. 464, 481 (2015). Thus, there was no error in the judge's decision to instruct the jury on the lesser included offense. See id. at 483 ("It is sufficient that the evidence permitted the inference which the jury obviously drew" [citation omitted]). See also Porro, 458 Mass. at 537 n.10 ("jury reasonably could be convinced by the victim's testimony that the defendant sexually

assaulted her but not be convinced beyond a reasonable doubt that penetration occurred").

<u>Judgments affirmed</u>.

By the Court (Henry, Hand & Brennan, JJ.[2]),

*Paul Little*

Clerk

Entered:  December 5, 2024.

---

[2] The panelists are listed in order of seniority.

6