NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-699

COMMONWEALTH

vs.

STEPHEN P. FAGAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was convicted of assault by means of a dangerous weapon, G. L. c. 265, § 15B (b), and threatening to commit a crime, G. L. c. 275, § 2. On appeal, he claims that (1) there was insufficient evidence to support his conviction of assault by means of a dangerous weapon, and (2) the judge abused her discretion in denying his motion for a new trial based on ineffective assistance of trial counsel without conducting an evidentiary hearing. We affirm.[1]

--------

[1] The defendant did not file a notice of appeal from his August 9, 2023, conviction. Rather, on March 15, 2024, he filed a "Motion for a Required Finding of Not Guilty and/or for New Trial." That motion was denied on March 21, 2024, from which

Discussion. 1. Assault by means of a dangerous weapon. "When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Nor are we obligated to reread the record from a [defendant]'s perspective. Rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (quotations and citations omitted). Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008).

"When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense." Id. at 153. To prove assault by means of a dangerous weapon pursuant to G. L. c. 265, § 15B (b),[2] the Commonwealth was

_____

the defendant filed a timely notice of appeal. To the extent the notice of appeal purports to appeal from his conviction, it is untimely, and the conviction is not before us. To the extent his posttrial motion argues that he is entitled to a new trial because the evidence was insufficient, we address the issue.

[2] General Laws c. 265, § 15B (b), provides that, "[w]hoever, by means of a dangerous weapon, commits an assault upon another shall be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years."

required to establish "that a defendant committed an assault, the defendant intended to commit an assault, and the assault was committed by means of a dangerous weapon." Commonwealth v. Buttimer, 482 Mass. 754, 767 (2019). Under the "threatened battery" theory of assault, the prosecution must prove "that the defendant engaged in conduct that a reasonable person would recognize to be threatening, that the defendant intended to place the victim in fear of an imminent battery, and that the victim perceived the threat." Commonwealth v. Porro, 458 Mass. 526, 530-531 (2010).

The defendant first contends that, viewing the evidence in the light most favorable to the Commonwealth, the defendant's pointing of a gun at the victim and his statement that "I'll fucking shoot you," support a finding that the defendant intended to place the victim in fear of a "future" battery, but not one that was imminent. See Porro, 458 Mass. at 531. We disagree. A rational trier of fact could have found that the above actions amounted to a threat of an imminent battery. See Commonwealth v. Delgado, 367 Mass. 432, 436-437 (1975) (statement by defendant that he would shoot victim was sufficient to cause reasonable apprehension of immediate battery); Commonwealth v. Allen, 28 Mass. App. Ct. 589, 596 (1990) (defendant committed assault by means of dangerous weapon by pointing loaded gun at police).

3

The defendant also contends that the victim did not reasonably perceive the risk of an imminent battery, as the victim's response to the defendant's actions was to call the defendant a "fucking pussy," rather than to "flinch, duck down, or to immediately leave the vicinity in his car." Contrary to the defendant's assertion, "[t]he victim need not actually be in fear, but must apprehend the risk of an imminent battery." Porro, 458 Mass. at 531.

Here, the victim testified that he was "in disbelief" when the defendant stated that he would shoot him, that "everything just slow[ed] down a moment," and that his "only thought process was to try to read what [he] could from [the defendant's] eyes to try to see what the likelihood . . . [was] of him actually pulling the trigger." This was sufficient evidence for a rational trier of fact to find that the victim perceived the risk of an imminent battery. See Porro, 458 Mass. at 531.

2. Effective assistance. Finally, the defendant claims that the judge abused her discretion in denying the defendant's motion for a new trial based on ineffective assistance of counsel without conducting an evidentiary hearing. Specifically, the defendant contends that he was denied the effective assistance of counsel where defense counsel failed to investigate whether the Commonwealth was open to a plea

4

agreement and to discuss such possibility with the defendant. We disagree.

"We review the denial of a motion for a new trial 'only to determine whether there has been a significant error of law or other abuse of discretion.'" Commonwealth v. Bonnett, 482 Mass. 838, 843-844 (2019), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "Reversal for abuse of discretion is particularly rare where, [as here] the judge acting on the motion was also the trial judge." Commonwealth v. Gil, 104 Mass. App. Ct. 124, 135 (2024), quoting Commonwealth v. Prado, 94 Mass. App. Ct. 253, 255 (2018). It is not error for a judge to deny a motion for a new trial without an evidentiary hearing "[i]f the theory of the motion, as presented by the papers, is not credible or persuasive," see Gil, supra at 137 or "where the moving party 'suspicious[ly] fail[s] to provide pertinent information from an expected and available source.'" Commonwealth v. Upton, 484 Mass. 155, 162-163 (2020), quoting Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004).

"When a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell measurably below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Gil,

5

104 Mass. App. Ct. at 135, quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

> "To establish prejudice on account of counsel's deficient performance in the plea context, the defendant must show a reasonable probability that the result of a plea would have been more favorable than the outcome of the trial. . . . In particular, the defendant must demonstrate a reasonable probability that the prosecution would have made an offer, that the defendant would have accepted it, and that the court would have approved it" (citations omitted).

Commonwealth v. Marinho, 464 Mass. 115, 129 (2013).

Here, the defendant supported his motion for new trial merely with his own affidavit stating, in relevant part, that defense counsel did not discuss with him "the possibility of taking a plea," and that he "would have pled guilty to the misdemeanor in order to avoid the felony on [his] record." The defendant failed to submit any evidence tending to prove that "the prosecutor would have offered him a favorable plea bargain." Marinho, 464 Mass. at 130. Even if the defendant's trial counsel and the prosecutor refused to attest to the availability of a plea agreement, the defendant's postconviction counsel could have filed an affidavit presenting such refusal. See Upton, 484 Mass. at 163. "[T]he silence betrays a 'very telling omission' confirming the judge's finding that the defendant's motion did not raise a substantial issue." Id., quoting Goodreau, 442 Mass. at 354. The judge did not abuse her discretion in denying the defendant's motion for new trial

6

without conducting an evidentiary hearing.  See Upton, supra at 162-163.

Order denying motion for a
  required finding of not
  guilty and/or for new trial
  affirmed.

By the Court (Meade,
  Ditkoff & Hershfang, JJ.[3]),

Clerk

Entered:  July 21, 2025.

---

[3] The panelists are listed in order of seniority.