The defendant appeals from his convictions, after a jury-waived trial, of two counts of assault and battery upon an elder (a person sixty years of age or older), G. L. c. 265, § 13K(a½). On appeal, the defendant argues that (1) the evidence was insufficient to support his convictions, (2) the judge erred or abused his discretion in admitting prior bad acts evidence, and (3) trial counsel was ineffective by asking a question on cross-examination that "open[ed] the door" to the prior bad acts evidence being admitted. We affirm.
Background. Viewing the evidence in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the trial judge could have found the following facts. Much of the evidence consisted of testimony from the victim -- the defendant's mother -- who was a reluctant witness for the Commonwealth and sought to minimize the defendant's conduct.
The defendant suffered from bipolar disorder and schizophrenia. When he did not take his medication he became visibly "agitated" and his demeanor was "not level." On the days of the charged incidents, he had not taken his medication and had also consumed several beers.
On October 12, 2015, as the mother stood at her kitchen sink, the defendant came up behind her and squeezed her neck. The mother testified that "[i]t was playfully done because ... it's been done in the past by both my children." Nevertheless, she did not "appreciate [it] because [her] neck is very sensitive in that area," she did not "like it," they "do things stronger than [she] want[ed] them to," and she had "t[old] them not to do it, but they do it anyway. You know, to kind of aggravate me."
On January 16, 2016, as the mother stood in a doorway between her kitchen and living room, the defendant tried to squeeze by her. He "nudged" her with his body and "tapp[ed]" her face "strong[ly]" with his open hand, "almost like a shove to get out of the way," leaving a bruise above her eye. The mother testified that the defendant was acting "playfully." Several weeks later, however, after the defendant became irate and threw a chair in her apartment, the mother became scared, called 911, and reported both prior incidents to the police, who described her as "emotional ... crying and rather shaken."
At trial, over the defendant's objection, the judge admitted evidence of prior bad acts. In April, 2012, police came to the mother's home where she told them that the defendant, who had not been taking his medication and was "agitated," had jumped off of the couch and threatened to burn down her house. She also told officers that a few days earlier, the defendant had placed his hands around her neck. And in September, 2013, the mother had called 911 after the defendant kicked her and left a bruise. The responding officer found the defendant "yelling and screaming," and the mother was "visibly upset and shaking," with "a black eye, and ... various bruises all over her arms and legs." The mother told the officer that she was afraid the defendant was going to kill her.
Discussion. 1. Sufficiency. The defendant argues that the Commonwealth's evidence was insufficient to support his convictions of assault and battery on an elder. Here, the Commonwealth proceeded on an intentional battery theory. "An intentional assault and battery is 'the intentional and unjustified use of force upon the person of another, however slight.' " Commonwealth v. Porro, 458 Mass. 526, 529 (2010), quoting from Commonwealth v. McCan, 277 Mass. 199, 203 (1931). "Where the touching is physically harmful, 'consent is immaterial,' but 'a nonharmful touching is a battery only if there is no consent.' " Ibid., quoting from Commonwealth v. Burke, 390 Mass. 480, 481 (1983).
As to the incident of October 12, 2015, the defendant points to the mother's characterization of his neck-squeezing as "playful," without explaining its relevance to any particular element of battery. To the extent that he suggests it establishes consent, we disagree. There was sufficient evidence of lack of consent in the mother's testimony that she did not appreciate or like the touching, that her neck was very sensitive, that the defendant did such things more strongly than she wanted, and that she had told him not to do it but he did it anyway to aggravate her. The defendant does not contest the sufficiency of the evidence of any other element of the offense.[2]
As to the incident of January 16, 2016, the defendant argues that the evidence was insufficient to prove his touching was intentional. See Commonwealth v. Moore, 36 Mass. App. Ct. 455, 459 (1994) (assault and battery under intentional battery theory involves touching that is intentional, not simply result of intentional act). Again, we disagree. The evidence that he "tapp[ed]" the mother's face "strong[ly]" with his open hand, "almost like a shove to get out of the way," leaving a bruise above her eye, was sufficient to prove that he intended to touch her. In light of the evidence of bruising, the defendant's further argument that the Commonwealth failed to prove lack of consent misses the mark: where a touching is physically harmful, consent is immaterial. See Porro, 458 Mass. at 529. The defendant's final argument -- that there was insufficient evidence of reckless conduct causing more than a transient or trifling injury -- need not be addressed where the evidence of an intentional battery was sufficient. See id. at 529-530.
2. Prior bad acts evidence. The defendant argues that the judge erred or abused his discretion in admitting the prior bad acts evidence. The defendant claims that (1) its probative value was outweighed by the risk of unfair prejudice, (2) the judge failed to instruct himself properly on its use, and (3) the prior bad acts were too remote in time. The determination whether to admit such evidence is "committed to the sound discretion of the trial judge and will not be disturbed by a reviewing court absent 'palpable error.' " Commonwealth v. McCowen, 458 Mass. 461, 478 (2010), quoting from Commonwealth v. Fordham, 417 Mass. 10, 23 (1994). We see no error of law or abuse of discretion here.
The judge expressly and reasonably determined that the evidence was admissible for limited purposes, such as to show a lack of accident, rather than to show propensity. See Commonwealth v. Helfant, 398 Mass. 214, 224 (1986) ; Mass. G. Evid. § 404(b)(2) (2018). The evidence tended to negate the defendant's claim, advanced through cross-examination and argument, that his conduct was merely "too aggressively playful" rather than nonconsensual. Although prior bad acts evidence "can be highly prejudicial," Helfant, 398 Mass. at 224, we see no reason to doubt the judge's statement that, as the finder of fact, he would "be able to sort out the prejudices." The prior bad acts evidence was not so extensive as to risk "overwhelming" the evidence of the charged acts. See Commonwealth v. Roche, 44 Mass. App. Ct. 372, 380 (1998). The testimony describing the incident of April, 2012, was very brief. The testimony describing the incident of September, 2013, while more detailed, was not excessive.
We also reject the defendant's claim that the judge failed to instruct himself properly on the use of the prior bad acts evidence. "[W]e presume that the judge 'correctly instructed himself' on the law of evidence." Commonwealth v. Sepheus, 468 Mass. 160, 170 (2014), quoting from Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000). See Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 75 (2005). The judge's comments on the record, describing how he would and would not use the evidence and demonstrating his awareness of its potential prejudicial effect, confirm that he properly instructed himself here.
Finally, the judge did not abuse his discretion in ruling that the prior bad acts were "not remote in time" so as to make them inadmissible. They occurred in April, 2012, and September, 2013, and the charges concerned acts in October, 2015, and January, 2016. "There is no bright-line test for determining temporal remoteness of evidence of prior misconduct." Helfant, 398 Mass. at 228 n.13. Courts have upheld the admission of prior bad acts evidence substantially more remote in time than the evidence at issue here. See Roche, 44 Mass. App. Ct. at 374, 380-381 (six years); Commonwealth v. Hanlon, 44 Mass. App. Ct. 810, 819-820 (1998) (nine years); Commonwealth v. Robertson, 88 Mass. App. Ct. 52, 56-57 (2015) (eight years). Here, where the mother herself testified on direct examination that she thought the neck-squeezing was "playfully done because ... it's been done in the past" by the defendant, and particularly where the defendant did not challenge the occurrence of the prior bad acts, we see no abuse of discretion in the admission of evidence about them despite their occurrence several years earlier.
3. Ineffective assistance of counsel. The defendant claims that trial counsel was ineffective by asking the mother questions on cross-examination that opened the door to the prior bad acts evidence. Specifically, counsel asked her to explain why, despite the fact that she had suffered an injury, she thought the defendant's conduct was "playful," and when she answered, "[f]rom past history," counsel asked whether the charged behavior was "consistent," to which the mother replied in the affirmative. The judge then commented that counsel had "opened up a door of prior incidents that were deemed to have been playful."
To prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made." Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), quoting from Commonwealth v. Adams, 374 Mass. 722, 728 (1978). "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial." Commonwealth v. Zinser, 446 Mass. 807, 810 (2006). "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions ...." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). See Zinser, 446 Mass. at 811.
On this record, the defendant has not shown that it was manifestly unreasonable for trial counsel to have asked the mother whether the defendant's "playful" conduct was consistent with past behavior. It appears that this was part of the defense strategy: to minimize the seriousness of his conduct and to suggest that the mother, as the victim, was not concerned about it. This was the core of the defense; the theme of counsel's closing was that the Commonwealth had failed to "show that this was not actually playful, that this was malicious and offensive contact[,] which directly contradicts ... the percipient witness," i.e., the mother. Thus, the record now before us does not show that counsel's conduct fell measurably below what is ordinarily expected.
Moreover, we are not persuaded that counsel's cross-examination was the dispositive factor in the judge's decision to admit the prior bad acts evidence. On direct examination, the mother had already explained that she viewed the neck-squeezing as "playfully done because ... it's been done in the past by both my children." The judge indicated his inclination to allow the Commonwealth to explore this comparison to prior incidents in order to understand the mother's characterization of the charged conduct as "playful." It is far from clear that counsel's cross-examination, in eliciting testimony that the defendant's conduct was "consistent" with "past history," measurably changed the calculus of admissibility. In short, the defendant has not shown that counsel's questioning deprived him of an otherwise available, substantial ground for excluding the evidence.[3]
Judgments affirmed.

"Every battery includes an assault." Burke, 390 Mass. at 482. Thus the defendant does not challenge the sufficiency of the evidence of assault. Nor does he challenge the evidence that his mother was at least sixty years of age and thus an elder under the statute.

We therefore need not assess whether, in the context of the trial as a whole, the admission of the prior bad acts evidence "likely deprived the defendant of an otherwise available, substantial ground of defence." Saferian, 366 Mass. at 96.