COMMONWEALTH *vs.* BALIRAM BOODOOSINGH. No. 12-P-523. February 28, 2014. *Assault by Means of a Dangerous Weapon. Attempt. Practice, Criminal,* Instructions to jury.

On appeal from a conviction of assault by means of a dangerous weapon, the defendant argues that (1) the evidence of assault under an attempted battery theory was insufficient, and (2) the judge's instruction on that theory of assault gives rise to a substantial risk of a miscarriage of justice. We affirm.

1. *Sufficiency of the evidence.* Nancy Lizardo, the victim's mother, related that during the encounter between the defendant and her son, Luis, she jumped between the two young men and told them that if they were to fight at all, they should not fight with weapons. Despite her entreaty, the defendant refused to drop the baseball bat in his hand and yelled, "I'm going to fuck him up." The defendant lifted his hand to try to hit Luis with the bat, but Nancy pushed the defendant away from Luis, who stood only a foot behind her. Viewed in the light most favorable to the Commonwealth, this evidence suffices to

---

establish assault under an attempted battery theory.[1] See *Commonwealth* v. *Porro*, 458 Mass. 526, 530 (2010) (to prove attempt, Commonwealth must prove that defendant either committed last act necessary to complete crime, such as where combatant swings and misses, or committed overt acts that brought him very near in time and ability to commission of completed crime). We reject the defendant's contention that because the defendant did not "swing" the bat, his overt actions toward accomplishing the battery were insufficient. See *Commonwealth* v. *Purrier*, 54 Mass. App. Ct. 397, 402-403 (2002) (evidence of attempted battery sufficient where defendant stepped closer to male victim and female stepped in between them). The evidence that the defendant rushed toward Luis with a bat in his hands, rejected Nancy's entreaties, raised the bat as if to strike Luis, and came within a few feet of doing so before he was pushed aside by Nancy suffices to establish that he came "reasonably close" in time and ability to accomplishing the intended battery. See *Commonwealth* v. *Walker*, 460 Mass. 590, 615 (2011).

2. *The jury instruction.* As requested by the parties, the judge instructed on assault in the terms of § 2.19 of the Massachusetts Superior Court Criminal Practice Jury Instructions (Mass. Cont. Legal Educ. 1999 & 1st Supp. 2003). The defendant now contends that the requested instruction is error because, unlike its District Court counterpart, the Superior Court instruction on assault under an attempted battery theory fails to apprise that the Commonwealth must prove that the defendant came "reasonably close" to accomplishing the intended act.[2] Compare *Commonwealth* v. *Walker*, 460 Mass. at 615. For its part, the Commonwealth maintains that the Superior Court instruction, which requires that the defendant "intended to physically harm" the victim, "did an act toward [that end]," and had "the actual ability or apparent ability to inflict bodily harm," conveys the necessary essentials of attempt — the defendant's overt acts brought him very near, in time and ability, to the actual commission of the completed crime. See *Commonwealth* v. *Porro*, 458 Mass. at 530 n.5.

While the District Court model instruction provides a clearer statement of assault by attempted battery, and is cited more frequently in appellate decisions, we need not resolve the adequacy of its Superior Court counterpart because even were we to assume that the challenged instruction is erroneous, the defendant's conviction must be affirmed. On the facts of this case, any error in the judge's instruction on assault under the attempted battery theory would not give rise to a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Redmond*, 53 Mass. App. Ct. 1, 7 (2001) (absent objection, omission of element of crime from instruction analyzed for substantial risk of miscarriage of justice). As noted in *Commonwealth* v. *Porro*, 458 Mass. at 534, "Because attempted battery and threatened battery 'are closely related,' . . . we do not require that a jury be unanimous as to which theory of assault forms the basis for their verdict; a jury may find a defendant guilty of assault if some jurors find the defendant committed an attempted battery (because they are convinced the defendant intended to strike the victim and missed) and the remainder find that he committed a threatened battery (because they

---

[1]The same evidence suffices to establish assault under a threatened battery theory, and the defendant does not argue otherwise.

[2]The defendant concedes that the judge correctly instructed the jury on the threatened battery theory of assault.

are convinced that the defendant intended to frighten the victim by threatening an assault)" (citations omitted). We do not require the jury to signify by special verdict the theory of assault under which the verdict is returned. See *Commonwealth* v. *Santos*, 440 Mass. 281, 289 (2003) (attempted battery and threatened battery are so "closely related . . . [that] no purpose would be served by requiring the jury to dissect the evidence and agree as to which related, or even overlapping, variant of the same element had been proved"); *Commonwealth* v. *Arias*, 78 Mass. App. Ct. 429, 434 (2010). Indeed, the jury could not have rendered separate verdicts of assault under theories of attempted battery and threatened battery, but could return only a single verdict of assault. See *Commonwealth* v. *Porro*, *supra* at 535.

The defense at trial, directed primarily to the more serious charge of armed assault with intent to murder, was that the defendant was only present at the scene and did nothing that rose to the level of criminal culpability. To find the defendant guilty under either theory of assault, the jury were necessarily required to reject the defendant's claim and credit the Commonwealth's proof that the defendant rushed at Luis with a raised baseball bat in his hands and threatened to harm him, only to have Luis's mother step in the way at the last moment and prevent a battery. See *Commonwealth* v. *Alphas*, 430 Mass. 8, 13 (1999) (no substantial risk of miscarriage of justice if error did not materially influence jury's verdict).

*Judgment affirmed.*

*Amanda Lovell* for the defendant.

*Bryan Curran* (*Crystal Lee Lyons*, Assistant District Attorney, with him) for the Commonwealth.