NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-159

COMMONWEALTH

vs.

MATTHEW COOMBES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of assault by means of a dangerous weapon in violation of G. L. c. 265, § 15B (b), and sentenced to one year of probation.  On appeal, he argues the evidence was insufficient to support his conviction.  We affirm.

Background.  We recite the following facts that the jury could have found, viewing the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On November 3, 2023, the defendant became involved in a verbal altercation with Nigel Kilroy, in the parking lot of a Market Basket.  During the confrontation, Kilroy spat on the defendant's face and began to

walk away.  As Kilroy walked away, the defendant retrieved a
baseball bat and charged toward him, waving the bat and
repeatedly shouting, "come on."  A witness recorded video
footage of the interaction on her phone and called 911 shortly
after.  The video recording shows Kilroy raising his hands up in
the air as the defendant advanced toward him with the bat.
Several other bystanders intervened and subdued the defendant by
forcing him to the ground and restraining his arms until police
arrived at the scene.

Discussion.  On appeal, the defendant argues that the
Commonwealth failed to present sufficient evidence that he
committed assault by means of a dangerous weapon under either of
the two theories the Commonwealth argued:  an attempted battery
theory or an immediately threatened battery theory.  We
disagree.[1]

In determining the sufficiency of the evidence, "we
consider the evidence introduced at trial in the light most
favorable to the Commonwealth, and determine whether a rational
trier of fact could have found the essential elements of the

---

[1] The defendant also raised a challenge to the jury
instructions, in which he argued that the trial judge's
instruction on both theories of assault exposed him to double
jeopardy because, according to the defendant, the trial judge
had previously ruled there was insufficient evidence of
attempted battery.  That argument, however, rested on a
misunderstanding of the trial record and was withdrawn at oral
argument, and we therefore do not address it.

crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).

"Because the defendant moved for required findings at the close of the Commonwealth's case and again at the close of all the evidence, '[w]e consider the state of the evidence at the close of the Commonwealth's case to determine whether the defendant's motion should have been granted at that time. We also consider the state of the evidence at the close of all the evidence, to determine whether the Commonwealth's position as to proof deteriorated after it closed its case'" (citation omitted). Commonwealth v. West, 487 Mass. 794, 799-800 (2021).

"There are . . . two theories of assault under the common law: attempted battery and threatened battery." Commonwealth v. Porro, 458 Mass. 526, 530 (2010). Here, the defendant's conduct fits comfortably under either definition of assault.

"Under the attempted battery theory, the Commonwealth must prove that the defendant intended to commit a battery, took some overt step toward accomplishing that intended battery, and came reasonably close to doing so." Commonwealth v. Melton, 436 Mass. 291, 295 (2002). Here, the defendant contends that there

3

was insufficient evidence that he took some overt step toward accomplishing an intended battery and came reasonably close to doing so. We disagree. The jury could have concluded from the defendant retrieving a baseball bat, charging toward Kilroy, the victim, while raising the bat, though without swinging it, and repeatedly shouting, "come on," that the defendant took an overt step toward accomplishing an intended battery. See Commonwealth v. Boodoosingh, 85 Mass. App. Ct. 902, 903 (2014) (raising bat as if to strike victim constitutes overt act under theory of attempted battery).

Moreover, the jury could also have found that the defendant came reasonably close to completing the battery. The video recording demonstrates that the defendant was within a few feet of the victim when he raised the bat, and the jury could have inferred from the testimony from an eyewitness that the defendant was ultimately prevented from reaching the victim because bystanders intervened and physically restrained the defendant until police arrived. See Boodoosingh, 85 Mass. App. Ct. at 903 (evidence that defendant rushed toward victim with bat in his hands, raised bat to strike victim, and came "within a few feet of doing so" before being pushed aside by bystander sufficed to establish that defendant came "reasonably close" to accomplishing intended battery).

4

The same conduct also supported a conviction under a threatened battery theory.  "A conviction of assault under a theory of threatened battery requires the prosecution to prove that the defendant engaged in conduct that a reasonable person would recognize to be threatening, that the defendant intended to place the victim in fear of an imminent battery, and that the victim perceived the threat."  Porro, 458 Mass. at 530-531.

Here, the defendant engaged in objectively menacing conduct by charging at the victim with a bat raised in the air and shouting, "come on."  See Commonwealth v. Chambers, 57 Mass. App. Ct. 47, 48 (2003) (noting act of "waving a baseball bat toward a person in an overt and objectively menacing way" as example of threatened battery).[2]  The jury were permitted to find from this conduct that a reasonable person in the victim's position would have recognized such conduct as threatening an imminent battery, and that the defendant intended to place the victim in fear of an imminent battery.  Additionally, the jury were permitted to find that the victim perceived the threat based on the video evidence of the victim raising his hands in

_____

[2] To the extent that Chambers held that a defendant's conviction must be vacated where the jury is instructed on both theories of assault and there was insufficient evidence of one of those theories, it was abrogated by Commonwealth v. Andrade, 488 Mass. 522, 543 (2021).  See note 4, infra.

5

the air in response to the defendant approaching him with the bat.[3]

Accordingly, the evidence was sufficient for the jury to convict the defendant of assault by means of a dangerous weapon under either a theory of attempted battery or threatened battery.[4]  See Oberle, 476 Mass. at 547.

Judgment affirmed.

By the Court (Henry, Shin & Toone, JJ.[5]),

Paul Little

Clerk

Entered:  April 15, 2026.

---

[3] Here, the defendant did not present any evidence at trial. Therefore, the Commonwealth's position did not deteriorate after the close of its case.

[4] Because we conclude that both of the Commonwealth's theories were supported by sufficient evidence, we do not consider the tension between Andrade, 488 Mass. at 543 (jury need not identify assault theory relied upon if evidence supports either attempted battery or threatened battery), and Commonwealth v. Carvajal, 496 Mass. 490, 502 (2025) ("When a general verdict may rest on multiple theories, at least one of which is unsupported by sufficient evidence, the conviction cannot stand unless the record demonstrates that the jury 'necessarily and unavoidably' relied on a theory supported by sufficient evidence" [citation omitted]).

[5] The panelists are listed in order of seniority.